UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80317-CIV-MARRA

VONSHANITA KILPATRICK,

Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC,

Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE came before the Court on Defendant, Ocwen Loan Servicing, LLC's Motion to Dismiss (DE 8) seeking dismissal of Plaintiff Vonshanita Kilpartrick's Complaint (DE 1). Plaintiff filed a Response in Opposition (DE 12), and Defendant filed a Reply in Support (DE 15). The Court has carefully considered the parties' written submissions and is otherwise fully advised in the premises.

I.  Background

Plaintiff initially filed suit in the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, seeking relief for Defendant's alleged failure to comply with section 2605of the Real Estate Settlement Procedures Act, 12 U.S.C. section 2601 *et seq.* ("RESPA"), and section 1024.36 of RESPA's implementing regulation, 12 C.F.R. section 1024 *et seq.* ("Regulation X"). Defendant timely removed the matter to this Court (*see* (DE 1)) and now moves to dismiss the Complaint with prejudice.

Plaintiff brings one count against Defendant for an alleged violation of RESPA section 2605(k)(1)(E). Plaintiff alleges that Defendant violated RESPA section 2605(k)(1)(E) through its

violation of Regulation X section 1024.36(c) by failing to acknowledge receipt of Plaintiff's request for information ("RFI") within five days.  (*See* DE 1-A ¶¶ 10-12, 15).  Plaintiff claims "[a]s a direct and proximate result of Defendant's failure to comply with Regulation X and RESPA, Plaintiff has suffered actual damages ... in certified postage costs of less than $100.00 for mailing the and RFI and NOE ["notice of error"], and attorney's fees and costs."  (*Id.* ¶ 23). Defendant now moves to dismiss with prejudice the Complaint for Plaintiff's failure to state a claim upon which relief can be granted.  (*See generally* Mot.).

II.  Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation").  In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6) a court, as a general rule, must accept the

plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009).  However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Am. Dental. Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."  (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir, 2002))).

> III. Discussion

Defendant moves to dismiss the Complaint on the basis that Plaintiff fails to allege he suffered actual damages. (DE 1 at 3–5). Alternatively, Defendant argues that Plaintiff failed to allege that the RFI was sent to Defendant's designated address for customer inquiries. (DE 1 at 5-6).

### A. Insufficiency of Actual Damages:

Plaintiff claims Defendant violated RESPA section 2605(k)(1)(E) through its violation of Regulation X section 1024.36(c) by failing to acknowledge receipt of Plaintiff's RFI within five days. (*See* DE 1-A ¶¶ 10-12, 15). RESPA section 2605 governs the "servicing of mortgage loans and administration of escrow accounts." Section 2605(k)(1)(E) of RESPA implicates section 1024.36(c) of Regulation X by providing in relevant part: "A servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." Section 1024.36(c) of Regulation X provides: "Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an [RFI] from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the [RFI]." (alterations added). Regulation X section 1024.36 "defin[es] an RFI as a '[qualified written request ("QWR")] that requests information relating to the servicing of the mortgage loan.'" *Bracco v. PNC Mortg.*, No. 8:16-cv-1640-T-33TBM, 2016 WL 4507925, at *4 (M.D. Fla. Aug. 29, 2016) (alterations added) (quoting 12 C.F.R. § 1024.36(a)); *see also Hudgins v. Seterus, Inc.*, No. 16-cv-80338-BLOOM/Valle, 2016 WL 3636859, at *3 (S.D. Fla. June 29, 2016) ("An RFI can qualify as a QWR.").

To state a RESPA claim for failure to respond to a QWR, Plaintiff must sufficiently allege: "(1) Defendant is a loan servicer; (2) Defendant received a QWR from Plaintiff; (3) the QWR relates to servicing of [a] mortgage loan; (4) Defendant failed to respond adequately; and (5) Plaintiff is entitled to actual or statutory damages." *Porciello v. Bank of Am., N.A.*, No. 8:14-cv-1511-T-17AEP, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015) (alteration added); *see*

4

*Miranda v. Ocwen Loan Serv., LLC*, 148 F. Supp. 3d 1349, 1354 (S.D. Fla. 2015); *Correa v. BAC Home Loans Serv. LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012) (citing *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010)). Section 2605(f)(1)(A) provides that where a loan servicer fails to comply with section 2605, it may be liable to an individual that suffers "any actual damages as a result of the failure." 12 U.S.C. § 2605(f)(1)(A). Accordingly, a RESPA claim requires that a plaintiff plead actual damages. *See Hayes v. U.S. Bank Nat'l Ass'n*, 2014 WL 2938534, at *2 (S.D. Fla. June 30, 2014).

At the motion to dismiss stage, the Court must determine whether "certified postage costs of less than $100.00 for mailing the RFI and NOE" constitute "actual damages" within the meaning of section 2605. Plaintiff alleges "[a]s a direct and proximate result of Defendant's failure to comply with Regulation X and RESPA, Plaintiff has suffered actual damages. Specifically, Plaintiff has incurred actual damages in certified postage costs of less than $100.00 for mailing the RFI and NOE, and attorney's fee and costs, in an amount to be proven at trial." ( DE 1-A ¶ 23.) Defendant contends that Plaintiff has failed to allege he suffered actual damages where Plaintiff's damages are limited to certified postage for mailing the RFI and NOE. (DE 8 at 3.)

Numerous courts in this district have held that costs associated with preparing an initial request for information cannot serve as a basis for actual damages because, at the time the expense are incurred, there has been no RESPA violation. *See, e.g., Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1354-55 (S.D. Fla. 2015)*; Long v. Residential Credit Solutions, Inc.*, Case No. 9:15-CV-80590, 2015 WL 4983507, at * 1 (S.D. Fla. Aug. 21, 2015);

5

*Lage v. Ocwen Loan Servicing*, LLC, Case No. 14-cv-81522, 2015 WL 7294854, at * 18 (S.D. Fla. Nov. 19, 2015).

Here, the damages alleged are "a direct and proximate result of Defendant's failure to comply with Regulation X and RESPA and include "certified postage costs of less than $100.00 for mailing the RFI and NOE." ( DE 1-A  ¶ 23.) The postage costs that were incurred before any alleged RESPA violation are not recoverable. The postage costs relating to the NOE, though, could be the result of Defendant's alleged RESPA violation if they came about after, and as a result of, Defendant's alleged failure to respond to the RFI. "By alleging this type of damage, the Complaint has alleged actual damages incurred and related to an alleged RESPA violation; *i.e.,* fees related to the review of an alleged insufficient response by Defendant." *Baez v. Specialized Loan Servicing, LLC*, Case No. 15-81676, 2016 WL 1546445 at *2. Based upon the allegations of Plaintiff's complaint, had Defendant properly responded to Plaintiff's RFI, Plaintiff would not have incurred postage fees associated with the NOE.

Further, having alleged actual damages incurred as a result of Defendant's asserted failure to respond properly to the RFI, Plaintiff's attorney's fees incurred after the alleged violation in order to compel Defendant's compliance, could constitute actual damages. *See Paz v. Seterus, Inc.*, No 14-62516-CIV, 2015 WL 4389521, at * 3 (S.D. Fla. July 15, 2015) (relying on *Soriano v. Countrywide Home Loans*, No. 09-cv-02415, 2011 WL 1362077, at * 7 (N.D. Cal. Apr. 11, 2011), in stating that for attorney's fees to be actual damages, other actual damages needed to be established, but also recognizing that attorney's fees incurred in following up on a creditor's failure to comply with its obligations under RESPA qualify as actual damages).  Plaintiff may attempt to show that had Defendant complied with the RFI, Plaintiff would not have incurred

attorney's fees associated with the NOE. *Miranda*, 2015 WL 7767209 at *4 ("reasonable attorney's fees incurred after an incomplete or insufficient response to a QWR are actionable under RESPA"); *Rodruguez v. Seterus, Inc.*, 2015 WL 5677182 *3(S.D. Fla. Sept. 28, 2015)(plaintiff can seek as actual damages "reasonable attorney's fees incurred as a result of having to send additional correspondence due to" the defendant's failure to respond); *Soriano v. Countrywide Home Loans*, No. 09-cv-02415, 2011 WL 1362077, at * 7 (N.D. Cal. Apr. 11, 2011.)(attorney's fees the plaintiff incurred when his attorney sent follow-up correspondence to the defendant after the initial QWR was sent were recoverable as actual damages). Accordingly, Plaintiff has sufficiently pled "actual damages" and Defendant's Motion to Dismiss for failure to allege actual damages must is denied.

### B. Designated Address:

Defendant also contends that "Plaintiff's Complaint does not allege that the RFI was sent to Defendant's designated address for customer inquiries." (DE 8 at 5.) It concludes that "[t]his failure renders the Complaint subject to dismissal." (*Id.*).

Plaintiff's Complaint alleges that "Plaintiffs through counsel, Korte and Wortman, P.A., caused to be mailed to Defendant a written request for information pursuant to Regulation X(the "RFI"). (DE 1-1 ¶ 10.) Plaintiff's complaint further alleges that "[t]he certified mail receipt shows the tracking number which allows the ability to confirm the date the written request was received." (*Id.* ¶ 11.) Plaintiff further attached a copy of the RFI referenced in the complaint as an exhibit to the complaint. (*See id.* Ex. 1). The Court finds Plaintiff's pleading as it relates to the mailing of the RFI adequate to survive Defendant's Motion to Dismiss (DE 8).

Indeed, Defendant has cited no authority that a plaintiff must also allege that his RFI was

sent to Defendant's designated address for customer inquiries in order to state a claim. Defendant directs the Court to *Steele v. Green Tree Servicing*, LLC, 09-CV-0603-D, 2010 WL 3565415, (N.D. Tex. Sep. 7, 2010), to support that a loan servicer never received a qualified written response where plaintiffs' letters were not sent to the exclusive address designated by the loan servicer for such requests. The circumstances in *Steele*, though, are not the circumstances present here. *Steele* did not consider the sufficiency of allegations at the motion to dismiss stage but, instead, was decided at the summary judgment stage, after the Court and the parties had the benefit of discovery. Defendant's reliance on *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141 (10th Cir. 2013), is similarly misplaced. Defendant's pull from the concept that:

> Regulation X's grant of authority to servicers to designate an exclusive address is a permissible construction of RESPA. Section 2605(e)(2) delineates what correspondence qualifies as a QWR, which recognizes that servicers will not have a statutory duty to respond to all inquiries or complaints from borrowers. Failure to send the QWR to the designated address "for receipt and handling of [QWRs]" does not trigger the servicer's duties under RESPA.

*Id.* at 1148–49. Though the Tenth Circuit had before it an appeal from a motion to dismiss, whether a plaintiff must allege that the RFI was sent to the defendant's designated address for customer inquiries was not at issue. Instead, the Tenth Circuit considered the argument of whether a loan servicer that corresponded with a plaintiff who admitted to not mailing correspondence to the designated address had "waived its statutory right to receive all future QWRs at its specified address" by not asserting that the communication was sent to the wrong address. *Id.* at 1149. Again, this is not applicable to Defendant's argument that a plaintiff must allege that the address to which the RFI was mailed is the defendant's designated address for customer inquiries. Plaintiff has not admitted anything to the contrary in his pleadings, as in

8

*Berneike*, and nothing in Berneike or any other proffered authority stands for the proposition that in order to plead a RESPA claim you must also plead that the mail was sent to the defendant's designated address for customer inquiries.

As described in the case law and above, a RESPA claim for failure to respond to a QWR requires that a Plaintiff sufficiently allege: "(1) Defendant is a loan servicer; (2) Defendant received a QWR from Plaintiff; (3) the QWR relates to servicing of [a] mortgage loan; (4) Defendant failed to respond adequately; and (5) Plaintiff is entitled to actual or statutory damages." *Porciello*, 2015 WL 899942, at *3. Plaintiff has done so, alleging that an RFI was mailed and that a certified mail receipt provides a means to confirm the date of receipt. Based on the foregoing, the Court denies Defendant's Motion to Dismiss on failure to allege that the RFI was sent to Defendant's designated address for customer inquiries.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 8) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of February, 2017.

_____
KENNETH A. MARRA
United States District Judge